IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,053

In the Matter of LAUREL R. KUPKA,
*Petitioner.*

ORDER OF REINSTATEMENT

On February 28, 2020, this court suspended Laurel R. Kupka's license to practice law in the state of Kansas for a period of two years. This court ordered that following nine months of suspension, Kupka could petition for an early reinstatement and must undergo a reinstatement hearing. See *In re Kupka*, 311 Kan. 193, 458 P.3d 242 (2020); Supreme Court Rule 232 (2021 Kan. S. Ct. R. 287).

On January 22, 2021, Kupka filed with this court a petition for reinstatement. The Disciplinary Administrator's office responded to Kupka's petition for reinstatement by certifying that she is eligible for reinstatement, that she has verified through affidavit compliance with Supreme Court Rule 231 (2021 Kan. S. Ct. R. 286), and that she has paid all necessary costs. The Disciplinary Administrator's office further informed the court of its position that sufficient time has passed for the court to reconsider the order of suspension.

On April 16, 2021, this court agreed with the Disciplinary Administrator's office, found that sufficient time had elapsed to justify the reconsideration of the court's prior order suspending Kupka's license to practice law, and ordered a reinstatement hearing be conducted.

On September 29, 2021, an amended reinstatement final hearing report was filed by the hearing panel. In that report, the panel recommends that this court reinstate

1

Kupka's license to practice law and place Kupka on probation for two years under the terms and conditions included in the proposed plan of probation filed by Kupka.

After careful consideration of the record, the court grants Kupka's petition for reinstatement and agrees with the hearing panel that Kupka should be placed on probation for two years.

IT IS THEREFORE ORDERED that the remainder of the two-year suspension of Kupka's law license is immediately stayed, her license to practice law in Kansas is reinstated, and she is placed on two years' probation under the terms and conditions in the proposed plan of probation filed by Kupka.

IT IS FURTHER ORDERED that Kupka's probation will continue until she is specifically discharged by this court. See Supreme Court Rule 227(g), (h) (2021 Kan. S. Ct. R. 277) (procedure for discharge upon successful completion of probation).

IT IS FURTHER ORDERED that the reinstatement of Kupka's license as set forth above is conditioned upon her compliance with the annual continuing legal education requirements and upon her payment of all attorney registration and continuing legal education fees. See Supreme Court Rule 206 (2021 Kan. S. Ct. R. 251); Rule 808 (2021 Kan. S. Ct. R. 613); and Rule 811(b) (2021 Kan. S. Ct. R. 615).

Upon receipt of proof of Kupka's completion of these conditions, the Office of Judicial Administration is directed to enter her name on the roster of attorneys actively engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs herein be assessed to Kupka.

Dated this 8th day of November 2021.

WILSON, J., not participating.